IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADAM JAMES HURST, #325952, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cv-537-ECM-JTA |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Adam James Hurst, a state inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action challenging the constitutionality of conditions to which inmates are subjected throughout the Alabama prison system. Doc. 1. Hurst names the State of Alabama and the Alabama Department of Corrections as defendants. He seeks a declaratory judgment, injunctive relief and monetary damages. Doc. 1 at 7.

In the complaint, Hurst requests class certification of this case on behalf of all similarly situated inmates confined in the Alabama prison system, Doc. 1 at 6–7, which the court construes as a motion for class certification under Federal Rule of Civil Procedure 23, and seeks to act as the class representative. For the reasons which follow, the undersigned finds that the motion for class certification should be denied.

**II.   DISCUSSION**

Hurst is a *pro se* inmate unschooled in the law who seeks to represent the interests of inmates currently incarcerated in the State prison system. Among the requirements

which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. ' 1654, he has no concomitant right to litigate the claims of other individuals. Under the circumstances of this case, the court finds that Hurst cannot adequately protect the interests of other state inmates and his motion for class certification is therefore due to be denied. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) ("[T]he district court did not abuse its discretion when it denied [the *pro se* inmate plaintiff's] motion for class certification. . . . As a *pro se* litigant, [the plaintiff] cannot bring an action on behalf of his fellow . . . inmates. *See Timson* [*v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)] (explaining that 28 U.S.C. ' 1654, the provision permitting parties to proceed *pro se*, provides 'a personal right that does not extend to the representation of the interests of others'); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a *pro se* inmate could not bring a petition for equitable relief on behalf of his fellow inmates)."); *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (holding "it is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative.") (emphasis in original); *DeBrew v. Atwood*, 792 F.3d 118, 131–32 (D.C. Cir. 2015) (holding that "[t]he district court did not abuse its discretion in concluding [*pro se* plaintiff] could not [fairly and adequately protect the interests of the class] because a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative");

2

*Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding a *pro se* plaintiff is not an adequate class representative "because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" (internal quotation marks omitted) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Morris v. Baldwin*, 2018 WL 4403307, at *2 (S.D. Ill. May 31, 2018), Report and Recommendation adopted, 2018 WL 3016498 (S.D. Ill. June 14, 2018) (finding "it would be inappropriate to certify the class while Plaintiff proceeds *pro-se*.").

Furthermore, it is clear that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Fed. R. Civ. P. 23(b)(1)(A). Finally, the court finds that the questions of fact common to the proposed class members do not predominate over the questions of fact relevant to the claims of projected individual inmates. Fed. R. Civ. P. 23(b)(3); *see also Inmates, Washington County Jail v. England*, 516 F. Supp. 132 at 144 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981) (denying *pro se* plaintiffs' request to certify case as a class action because "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent granting the request for class certification).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for class certification be DENIED.
2. This case be referred back to the undersigned for appropriate proceedings.

On or before **September 1, 2021**, the parties may file objections to this

Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of August, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE